Gilmore v. Cook.

JACKSON GILMORE, Respondent, *v.* JOHN G. COOK *et al.*, Appellants.

*Recoupment.*—The grantee by quit-claim deed, who, at the time of the purchase, had notice of a previous grant to a railroad of a right of way by his grantor, cannot allege that he was defrauded on the ground that the notice was not of a particular kind, as by recital in the deed, or by record.

*Appeal from St. Charles Circuit Court.*

*Lewis* and *Alexander*, for respondent.

I. The instructions given by the court were right. The conveyance was only a quit-claim deed, which in its very nature implies that no specific quantity or title is contracted for. No contract, bargain or representation is shown in the case whereby appellants were to get for the price fixed anything more than respondent happened to own at the time. In accepting a quit-claim deed the appellants took all the risk upon themselves, except so far as any actual fraud committed by their vendor might change their position.

II. The verdict was for the right party. All the evidence shows that the appellants had, at the time of their purchase, both constructive and actual notice of the previous transfer of the right of way, &c.

*Edwards & Randolph*, for appellants.

I. The instructions given by the court below on the part of the plaintiff do not contain the law, and were therefore improperly given. It is not necessary, as stated in the first instruction, in order to entitle the vendee to a deduction, to show that the vendor actually concealed, by fraudulent means and practices, the fact of the previous relinquishment. (*Vide* Sugden on Vendors and Purchasers of Estates, p. 207, § 15; 2 Swanson, 287 ; Pike v. Vigers, 2 Dru. & Wal. 258.)

The right of the purchaser is to have what the vendor can give, with an abatement for so much as the quantity falls short—*vide* Hill v. Buckley, 17 Ves. 394; Magennis v. Fallon, 2 Mo. 588—and the instruction, numbered two, given

by the court below on the part of respondent, is erroneous for the same reason. Actual fraud, nor even misrepresentation, on the part of the vendor, is not necessary in order to entitle the vendee to an abatement.

II. The instructions asked for on the part of defendants, and refused by the court, contain the law, and were improperly refused by the court.

DRYDEN, Judge, delivered the opinion of the court.

This suit was brought on two promissory notes—one for two hundred and the other for twelve hundred dollars—given for the purchase price of a tract of land, in St. Charles county, sold and conveyed by the plaintiff to the defendants by a quit-claim deed.

The defendants sought to recoup a part of the demand on the ground that the plaintiff fraudulently concealed from them, at the time of the sale and conveyance, the fact that he had theretofore granted to the North Missouri Railroad Company the right of way for their railroad through said land. A trial was had, which resulted in a verdict and judgment in favor of the plaintiff for his entire demand, and the defendants appealed to this court. The errors complained of have relation alone to the giving of instructions for the plaintiff and refusing those for the defendants, and to the form of the verdict.

The evidence on the trial showed that the right of way was granted the 19th of February, 1855, and that the deed to the defendants (containing no allusion to the grant) was made the 20th of October following. It was also shown that, prior to the sale, the North Missouri railroad had been surveyed and staked out; that contracts for the grading had been let and much of the work done; that two sub-contracts for the grading met in the orchard on the land sold to the defendants, and that the work on one of them had been completed before the sale. By another witness it was proved that Hitch, one of the defendants, had told him "he was fully advised of the grant of the right of way at the time of the

Gilmore v. Cook.

purchase." Another witness proved he was present, pending the negotiations for the sale between the plaintiff and the defendant Cook, when the fact of the grant of the right of way and the amount the plaintiff was to receive from the railroad company were discussed.

There is no evidence in the case tending in the slightest degree to show that the plaintiff resorted to any artifice or trick to deceive or mislead the defendants, or to show that when they made the purchase they were ignorant, or, if ignorant, that the plaintiff knew of their ignorance of the previous grant of the right of way; on the contrary, there is no resisting the conclusion they knew all about it. In fact, the theory of the defence, as disclosed by the defendants' instructions, does not seem so much to deny the fact of notice, as the medium through which they received it. One of the instructions assumes that the plaintiff was guilty of a fraudulent concealment unless the defendants were notified of the grant of the right of way by a recital of it in the plaintiff's deed, or in some other *writing* of the plaintiff, the contents of which they had knowledge of. The other assumes the plaintiff's guilt unless the grant was on record in the recorder's office, or unless the notification of it came to the defendants *at the time* the deed was made. There was surely no error in refusing the instructions. If the defendants at the time of their purchase had knowledge of the facts in question, no matter how or when or from whom they derived it, they were not deceived, and cannot therefore say they were defrauded.

Now, while some of the instructions given for the plaintiff are objectionable, yet we do not feel warranted in disturbing the judgment for this cause, since the verdict is manifestly for the right party, and could not have been otherwise than for the plaintiff consistently with the law and the evidence in the case.

As to the objection to the form of the verdict, it is enough for us to say, no fault has been pointed out, and none is apparent.

The other judges concurring, the judgment of the Circuit Court is affirmed, with ten per cent. damages.